UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN BONNER<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-1781-KJN<br><br><br><br>ORDER |

Plaintiff Eileen Bonner seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from February 13, 2013, her alleged disability onset date, through the final administrative decision. (ECF No. 17.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 20.) Thereafter, plaintiff filed a reply brief. (ECF No. 21.)

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 10, 14.)

1

After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the case for further proceedings consistent with this order.

I. BACKGROUND

Plaintiff was born on August 10, 1967, has a twelfth grade education, can communicate in English, and previously worked as a recruiter and temporary agency area manager. (Administrative Transcript ("AT") 75, 164, 182, 184.)[2] On May 1, 2014, plaintiff applied for DIB, alleging that her disability began on February 13, 2013, and that she was disabled primarily due to left and right shoulder impairments, fibromyalgia, and diabetes. (AT 30, 92, 180, 183.) After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on February 11, 2016, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified. (AT 51-79.) The ALJ subsequently issued a decision dated April 15, 2016, determining that plaintiff had not been under a disability, as defined in the Act, from February 13, 2013, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 30-44.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 1, 2016. (AT 1-7.) Plaintiff then filed this action in federal district court on July 28, 2016, to obtain judicial review of the Commissioner's final decision. (ECF Nos. 1, 2.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ failed to properly evaluate the medical opinion evidence; (2) whether the ALJ erroneously found plaintiff's mental impairments not severe; (3) whether the ALJ improperly discounted plaintiff's credibility; and (4) whether the ALJ erroneously concluded that plaintiff did not meet or equal a Listing.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ determined that plaintiff met the

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the

3

insured status requirements of the Act for purposes of DIB through December 31, 2018. (AT 32.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since February 13, 2013, her alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: osteoarthritis of the bilateral shoulders status post multiple surgeries, right carpal tunnel syndrome, and degenerative disc disease of the cervical spine. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 35.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except as follows: the claimant is able to lift and carry 10 pounds occasionally. The claimant is unable to climb ladders, ropes or scaffolds. The claimant is unable to crawl. The claimant is limited to frequent climbing of ramps or stairs, as well as frequent stooping, kneeling, and crouching. The claimant is limited to occasional reaching and handling with the bilateral upper extremities.

(AT 36.)

At step four, the ALJ determined, based on the VE's testimony, that plaintiff was capable of performing her past relevant work as an area manager. (AT 43, 76-77.) Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from February 13, 2013, plaintiff's alleged disability onset date, through April 15, 2016, the date of the ALJ's decision. (AT 44.)

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

## Plaintiff's Substantive Challenges to the Commissioner's Determinations

*Whether the ALJ failed to properly evaluate the medical opinion evidence*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

////

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

In this case, the ALJ reasonably gave limited weight to the opinions of plaintiff's treating physician, Dr. Hirahara. As the ALJ observed, Dr. Hirahara provided multiple medical opinions and varying sets of functional limitations during the relevant period, largely as part of his treatment notes. Most of the opinions appeared to be temporary and related to short periods of rehabilitation following surgeries or other procedures, as opposed to a reflection of plaintiff's overall longitudinal function. (AT 40-42.)

In formulating plaintiff's RFC, the ALJ gave great weight to the opinion of consultative examiner Dr. David Osborne, who examined plaintiff on August 21, 2014. (AT 43, 438-44.) Ordinarily, the opinion of a consultative examiner would constitute substantial evidence, given that he personally examined plaintiff and made independent clinical findings. However, as plaintiff notes, Dr. Osborne was only provided with a very limited subset of plaintiff's medical records. (AT 438-39.)

The regulations require that a consultative examiner be given any necessary background information about the plaintiff's condition. 20 C.F.R. § 404.1517. Background information is essential because consultative exams are often utilized "to try to resolve an inconsistency in the evidence." 20 C.F.R. § 404.1519a(b). To be sure, failure to provide a consultative examiner with a claimant's medical records may not be material in every case, and may indeed at times amount to harmless error. However, in this case, the court cannot conclude that the error was harmless. As is evident from the record, plaintiff has already undergone 7 shoulder surgeries (5 on her left shoulder and 2 on her right shoulder), along with pursuing physical therapy, chiropractic care, acupuncture, and cortisone injections, but continues to allegedly experience severe pain symptoms and restricted range of motion related to both shoulders, resulting in great difficulty lifting, pushing and pulling, overhead reaching, and typing. (AT 37.) Furthermore, after undergoing a 10-day vocational evaluation arranged by the California State Department of Rehabilitation, plaintiff was found "not physically capable of participating in the vocational rehabilitation process" and unable "to perform the essential duties of any occupation on a competitive basis." (AT 260.) While the above-mentioned evidence is not dispositive, it does suggest that plaintiff's impairments are serious enough to warrant a careful examination by a fully

informed consultative examiner.  In light of plaintiff's extensive medical history and the severe findings of the vocational evaluation, it was imperative for a consultative examiner to have been provided with all of plaintiff's medical records that were available at the time of the consultative examination.

Therefore, the court finds it appropriate to remand the case for a supplemental consultative examination by an appropriate specialist who is given full access to all of plaintiff's medical records.[5]  The ALJ may also choose to further develop the record, such as by obtaining supplemental vocational expert testimony, if appropriate.  Importantly, the court does not instruct the ALJ to credit any particular medical opinion.  Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

*Whether the ALJ erroneously found plaintiff's mental impairments not severe*

Under the Commissioner's regulations, an impairment or combination of impairments is deemed to be severe at step two if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521(a).  As the Ninth Circuit Court of Appeals has explained, "the step-two inquiry is a de minimis screening device to dispose of groundless claims.  An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal citations and quotation marks omitted).

Here, the ALJ noted that plaintiff had not sought treatment for depression and anxiety until early 2016, towards the end of the period under review, and that plaintiff's mental examinations until that point had been primarily normal.  (AT 33.)  The ALJ acknowledged and discussed a psychological evaluation by Dr. Deborah Schmidt that had been obtained by

---

[5] Although plaintiff requests a remand for payment of benefits, "we generally remand for an award of benefits only in rare circumstances where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed."  See Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1100 (9th Cir. 2014).

7

plaintiff's counsel in January 2016, indicating that plaintiff had various mild and moderate mental limitations, as well as a marked impairment in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (AT 32-33, 705.) Nevertheless, the ALJ noted that, based on the record, plaintiff's mental impairments did not meet the temporal guideline of 12 months or more during the relevant period. (AT 33.) Although plaintiff urges that she was simply too embarrassed and ashamed to have reported her mental symptoms earlier, the ALJ's interpretation was rational and supported by the record, even if an alternative interpretation is possible. Therefore, the court finds no error at step two with respect to plaintiff's mental impairments.

That said, because the case will be remanded for further proceedings as noted above, the ALJ will have an opportunity to re-evaluate plaintiff's mental impairments, if warranted, especially if plaintiff can demonstrate additional treatment and clinical findings on remand.

*Other Issues*

In light of the court's conclusion that the case should be remanded for further development and consideration of the medical evidence, the court declines to reach plaintiff's remaining issues with respect to plaintiff's credibility and the applicability of any Listing. The ALJ will have an opportunity to reconsider these issues on remand, if appropriate.

V. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is GRANTED IN PART.

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is DENIED.

3. The final decision of the Commissioner is REVERSED, and the case is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).

////

////

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: August 14, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE